MEMORANDUM **
This action was brought by the parents of B.S., an autistic child, against the Placentia-Yorba Linda Unified School District (“District”) under the Individuals with Disabilities Education Act (“IDEA”), 20 U.S.C. §§ 1400-1482. The parents of B.S. requested a due process hearing asserting that: (1) the District failed in its obligations to provide him a free appropriate public education (“FAPE”) during the 2004-2005 school year; (2) they were enti *399 tied to reimbursement for expenses incurred in placing B.S. in a private school, and B.S. is entitled to prospective placement at that school; and (3) the District failed to offer B.S. a FAPE in the least restrictive environment (“LRE”) for the 2005-2006 school year. The District requested a due process hearing to establish that the individualized educational plan (“IEP”) developed for B.S. and placement offer for the 2005-2006 school year was adequate.
The Administrative Law Judge (“ALJ”) consolidated the two matters and at the conclusion of the hearing found in favor of the District, denied B.S.’s request for relief, and granted the District’s request that its 2005-2006 placement offer constitute a FAPE in the LRE. B.S. appealed the decision of the ALJ to the district court, which upheld the decision of the ALJ. The remainder of the facts are well known to the parties and will not be repeated here.
B.S. argues on appeal that the district court erred in: (1) holding that the District provided B.S. with a FAPE during the 2004-2005 and 2005-2006 school years; and (2) upholding the refusal of the ALJ to consider whether the District had failed to fully implement the IEP during the 2005-2006 school year.

2004-2005 School Year

B.S.’s argument with respect to the 2004-2005 school year is directed primarily through the lens of hindsight, not at the time the IEP was drafted. Instead of asking whether the IEP was adequate in light of the student’s progress, the pertinent question is whether an IEP was appropriately designed and implemented so as to provide the student with a meaningful benefit. An IEP cannot be judged in hindsight; rather, the court looks to the IEP’s goals and goal achieving methods at the time the plan was implemented and ask whether these methods were reasonably calculated to confer a meaningful benefit on the student. See Adams v. Oregon, 195 F.3d 1141,1149 (9th Cir.1999).
The district court articulated the correct principles of law and applied those principles to the facts, giving appropriate and due deference to the factual findings of the ALJ. See L.M. ex rel. Sam M. v. Capistrano Unified Sch. Dist, 538 F.3d 1261, 1267 (9th Cir.2008) (discussing the deference due to agency findings). As the district court found, the IEP was directed to all areas of B.S.’s educational development, not just his reading and comprehension.

2005-2006 School Year

The IEP for the 2005-2006 school year was essentially identical to the IEP for the 2004-2005 school year except that the District recommended substituting a 90-minute blended SDC/RSP program in language arts for his “regular” language arts class for the 2005-2006 school year. B.S. claims that by adding this provision to the IEP the District failed to provide a FAPE because it did not provide for placement in the LRE, i.e., “[t]o the maximum extent appropriate, children with disabilities ... are [to be] educated with children who are not disabled____” 20 U.S.C. § 1412(a)(5)(A).
B.S. urges this Court, as he did the ALJ and the district court, to accept the testimony of his expert as opposed to that of the District’s witnesses, all of whom were highly qualified and quite familiar with B.S. Both the district court and the ALJ weighed this testimony and found in favor of the District.
In Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. ex rel. Holland, 14 F.3d 1398, 1404 (9th Cir.1994), we adopted a four-factor balancing test to determine whether a district’s placement offers education in the LRE: (1) the educational benefits of placement full-time in a *400 regular class; (2) the nonacademic benefits of such placement; (3) the effect the student has on the teacher and other students in the regular class; and (4) the cost of mainstreaming the student. The district court found that the first two factors, the educational and nonacademic benefits, clearly favored placement in the blended SDC/RSP language arts program. The district court did not discuss the third and fourth factors, nor does the District argue that either supports placement in the blended SDC/RSP language arts program. Consequently, we conclude neither factor prevented placement in a mainstream environment. See Ms. S. ex rel G. v. Vashon Island Sch. Dist., 337 F.3d 1115, 1138 (9th Cir.2003) (factors not considered by the District would not prevent mainstream placement), superseded by statute on other grounds by Individuals with Disabilities Education Act Amendments of 1997, Pub.L. No. 105-17, 111 Stat. 37 (1997). It has been recognized that the mainstreaming provision creates a tension between the two purposes of the Act because “[s]ehool districts must both seek to mainstream handicapped children and, at the same time, must tailor each child’s educational placement and program to his special needs.” Daniel R.R. v. State Bd. of Ed., 874 F.2d 1036, 1044 (5th Cir.1989), citing 20 U.S.C. §§ 1412(a)(1) and (a)(5)(B). We noted nearly 25 years ago that mainstreaming “is a policy which must be balanced with the primary objective of providing handicapped children with an ‘appropriate’ education.” Wilson v. Marana Unified Sch. Dist., 735 F.2d 1178,1183 (9th Cir.1984).
The incongruity of B.S.’s position is magnified by the very relief sought. B.S. seeks to substitute a four-hour (240-min-ute) program outside the “mainstream” of his general education for a 90-minute session while contending that the 90-minute session violates the LRE requirement of the IDEA. The argument that a separate 90-minute class session does not meet the LRE requirement, but a separate 240-minute session would, makes no sense.
Although the district court failed to specifically address the third and fourth Rachel H. factors, any error was harmless. The findings that the educational and nonacademic benefits to be derived from a mainstream program were minimal and the blended program would be better suited to meet B.S.’s unique abilities and needs are sufficient to overcome the preference for mainstreaming. The district court did not err in so determining.

Implementation of 2005-2006 IEP

B.S. contends that the evidence showed that he was denied 25 percent of his Resource Specialist Program (“RSP”) sessions during the 2005-2006 school year. The ALJ did not err when he declined to consider the issue on the basis that it was not raised as an issue for hearing. The district court held that the issue was not properly before the ALJ and was, therefore, unexhausted.
The question is whether the evidence and arguments before the ALJ gave the ALJ a clear opportunity to consider whether the District had materially failed to implement the IEP, thereby constituting a denial of a FAPE. See Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 515 (9th Cir.1992) (noting, in the analogous context of issues allegedly raised for the first time on appeal, that the relevant standard is whether “the argument [was] raised sufficiently for the trial court to rule on it.”). It cannot be said, in the context of this appeal, that this issue was sufficiently raised before the ALJ for the ALJ to rule on it. The issues to be tried were clearly laid out in the Prehearing Conference Order, and witness lists had been exchanged. The ALJ was of the opinion *401 that the issue had not been fully litigated, and the district court noted that the District had not been accorded the opportunity to introduce evidence or witness testimony to rebut B.S.’s allegations.
Under the facts and circumstances of this case, the ALJ did not err when he declined to consider the issue.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.